In the Matter of GEORGE L. NELSON, an Alleged Incompetent Person. GEORGE L. NELSON et al., Appellants; RICHARD NELSON et al., Respondents.—

 No opinion. Close, P. J., Hagarty, Adel, Taylor and Lewis, JJ., concur.

In the Matter of the Adoption of JOHN NICASTRO, an Infant, by JOHN NICOLETTI et al., Respondents. ROSE RUSSO, Appellant 

 No opinion. Present — Carswell, Johnston, Adel, Taylor and Lewis, JJ.

In the Matter of the Accounting of THE MOUNT VERNON TRUST COMPANY, as Trustee of MERWIN SNIFFIN, Deceased, Appellant. CLARA BURT et al., Respondents.—

 We are of opinion that the facts involving the issues here presented should be developed by competent proof. Close, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

In the Matter of the Liquidation of WESTCHESTER TRUST COMPANY. CAROLINE C. CARR, as Substitute Trustee of WILLIAM GERNHARDT, Deceased, Appellant; WILLIAM R. WHITE as Superintendent of Banks of the State of New York, Respondent.—

 Close, P. J., Hagarty, Carswell, Taylor and Lewis, JJ., concur.

NICHOLAS MANTELLO, Appellant, v. SANBORN MAP COMPANY, INC., et al., Respondents.—

 From the testimony offered by plaintiff, the jury could have found that plaintiff had the right of way and that, when his automobile was twenty-five feet north of the intersection, the truck of the corporate defendant was some fourteen feet from the point of contact. Even if it be assumed that the operator of corporate defendant's truck obeyed the ordinance and came to a full stop before entering upon the parkway, nevertheless, the jury might have found that when he reached the westerly side of the parkway plaintiff's car was so near that it was entitled to the right of way, and that the operator of the truck should have waited and permitted him to pass. Close, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.